# A. R. COLBORN ET AL.
## v.
## SAMUEL P. BARTON.

REPLEVIN—AFFIDAVIT—AMENDMENT.—Where an affidavit in an action of replevin was made by A as agent of appellant, and a motion to quash the writ of replevin was entered by appellee because the affidavit was insufficient, not containing the statutory requirements that the property in question was not held by virtue of any writ of replevin against the plaintiff, and a cross-motion was made for leave to file an amended affidavit which was granted, and such amended affidavit was sworn to by B as agent of appellant. *Held*, that the right to amend was undeniable, and it was immaterial whether the amended affidavit was made by the same agent making the original affidavit or not.

APPEAL from the County Court of Lawrence county; the Hon. PHILLIP W. BARNES, Judge, presiding. Opinion filed October 10, 1883.

Mr. WILLIAM ROBINSON and Messrs. BELL & GREEN, for appellant.

Mr. ED. S. WILSON and Messrs. HUFFMAN & MESERVE, for appellee.

CASEY, J. Appellant sued appellee in an action of replevin in the County Court of Lawrence county. The affidavit in replevin was made by George R. Young, as agent of appellant. At the trial term of the court a motion was entered by the attorneys of appellee to quash the writ of replevin because the affidavit was insufficient.

The objection to the affidavit was that it did not contain the statutory requirement that the property in question was not held by virtue of any writ of replevin against the plaintiff.

A cross-motion was made on the part of appellant for leave to file an amended affidavit. The cross-motion was allowed, and an amended affidavit, sworn to by William Robinson as the agent and attorney of appellant, was filed. The motion to quash the writ for want of a sufficient affidavit was refiled and

was sustained by the court and the suit dismissed. The court proceeded to hear evidence, and entered a judgment against the plaintiff for the sum of three hundred and seventy-five dollars damages for wrongfully suing out the writ of replevin.

To the rulings of the court, appellant excepted and the case is brought to this court by appeal.

The errors assigned are:

First. That the court erred in sustaining the motion to quash the writ of replevin and dismiss the suit.

Second. The court erred in assessing the defendant's damages at the sum of three hundred and seventy-five dollars, and in rendering judgment against the plaintiff for that sum.

No objection is made to the form of the amended affidavit, and we find upon an examination that it is a substantial compliance with the statute. The first affidavit was made by George R. Young as agent of appellant—the amended affidavit was made by William Robinson as the agent and attorney of appellant. We see no reason why the amended affidavit was not properly made by a different agent.

The statute provides that the affidavit may be made by an agent, as it was in this case, and it is entirely immaterial whether the amended affidavit was made by the same agent making the original affidavit, so that it was a compliance with the statute, and as we have said, no formal objections are made to the affidavit.

In replevin, amendments are permitted as in other actions at law. And by the 24th section of the Practice Act very great latitude is given on the subject of amendments. We think, therefore, that the right to amend was undeniable, and it was immaterial which of the agents filed the amended affidavit.

This disposes of the whole case, so that it is not necessary to discuss the second error assigned.

The judgment of the county court is reversed and the cause remanded.

Reversed and remanded.